UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>JEREMY WHITE,<br>　　　　Defendant. | Case No. 14-cr-00020-WHO-1<br><br>**ORDER ON MOTIONS IN LIMINE**<br>Docket Nos. |

　　　　The parties filed numerous motions in limine, which I took up at the Pretrial Conference on December 15, 2014. After I announced my tentative rulings on the motions, I heard argument. My rulings follow.

### I.  CONTESTED EVIDENTIARY RULINGS

#### A.  Defendant's Motion to Admit Statements from Police Report

　　　　1. <u>Angela White's and Floyd Self's statements regarding driving to Santa Rosa</u>

　　　　I will admit statements in the Police Report that Angela White and Floyd Self made separately to Officer Sedgwick that Self drove Angela White to Santa Rosa to pick up Jeremy White and that Angela White does not like to drive a "stick," under Federal Rule of Evidence 807. These statements were not statements against interest under 804(b), as White argued, nor are they of an exculpatory nature, as the government contended. Instead, they merely explained how Self and Mrs. White came to be in the car when it was stopped by Sedgwick. The statements are reliable because they were taken separately, after the witnesses were Mirandized, and included the same innocuous facts. Nothing about what they said is particularly relevant to their denial of knowledge about the presence of methamphetamine in the car. However, the statements are critical to White's defense that it was Self and not White who placed the methamphetamine that was found under the hood of the car.

Both Self and Angela White have asserted their Fifth Amendment rights and will not testify. Unless their statements are admitted, White will have no possible defense to the government's case. Evidence concerning whose methamphetamine Sedgwick discovered under the hood is entirely circumstantial. Under these circumstances, the interests of justice are best served by admitting the statements.

### 2. Angela and Jeremy White's statements regarding drugs

The government has agreed that Angela White's statement - "my husband is not that stupid" – is admissible if not offered for truth. Similarly, the defendant's statement to his wife denying that he had a baggie in his waistband is admissible if not offered for truth. I will therefore admit those statements with a limiting instruction.

### 3. Defendant's statement that "Now I am going to jail"

The defendant's statement "Now I am going to jail" is admissible. The defendant's request that the government be required to contextualize the admission is DENIED. White will be able to provide sufficient contextualization on cross-examination.

**B. Defendant's Motion to Admit Evidence of Floyd Guilt**

### 1. Self's 2003 conviction for possessing meth with intent to distribute.

This conviction is admissible because it is similar to the crime alleged in this case against White, whose theory of the case is that Self committed the crime.

### 2. Self's 1995 – 1999 convictions for simple possession of drugs, including 1999 possession of meth.

These convictions are too remote in time to be admitted.

### 3. Self's 2008 charge with possession of meth.

This charge is inadmissible since Self was convicted of evading a police officer, not for possessing meth.

**C. Defendant's Motion to Exclude Prior Bad Acts**

### 1. Defendant's drug related prior bad act (July 29, 2011 conviction for possession of meth).

The conduct and conviction are admissible. White's punishment is not, and this crime shall not be referred to as a felony, since it is now a misdemeanor.

2. <u>Defendant's non-drug convictions: burglary, domestic violence, receipt of stolen property</u>.

These convictions are not admissible. They are not relevant to credibility, are not similar to the current charge and are more prejudicial than probative.

3. <u>Defendant's 2007 marijuana charge/receipt of stolen property conviction with Angela White</u>.

This conviction is not admissible. Although the government argues that this shows the relationship between the defendant and his wife and their cooperation in prior criminal acts, Angela White is not charged in this case and the defendant does not intend to argue that she was involved at all with this crime. The crime is not similar enough and the conviction would be more prejudicial than probative.

4. <u>Sedgwick's statement in Police Report regarding the defendant's extensive criminal history</u>.

This statement is not admissible. Nor is the government's suspicion that defendant participated in a burglary in Napa.

5. <u>The defendant's admission that he was on parole</u>.

This statement is admissible. White's status was the central justification for the search of car. White told Sedgwick that he was on parole.

## II. OTHER MOTIONS IN LIMINE

**A. Defendant's Motion to Limit Testimony of Drug Expert**

Agreed to by the government. GRANTED.

**B. Defendant's Motion to Exclude Gang Affiliation**

Agreed to by the government. GRANTED.

**C. Defendant's other motions to exclude witnesses from the courtroom prior to their testimony and to preclude witnesses from being informed about others' testimony or the evidence and argument that is being presented.**

Agreed to by the government. GRANTED. These rulings apply to both parties. The defendant withdraws his motion regarding the timing of the case agent's testimony since it appears he will not testify pursuant to agreement of the parties.

**D. Government's Motion to Admit Defendant's Statements - 1**

Resolved as described above.

3

**E. Government's Motion to Admit Testimony of Law Enforcement Officers -2**

GRANTED – defendant does not object, as long as testimony limited to disclosed topics.

**F. Government's Motion to Admit Evidence of Joint Criminal Conduct - 3.**

Resolved as described above.

**G. Government's Motion to Exclude Reference to Punishment - 4**

GRANTED – both sides agree not to refer to punishment.

**H. Government's Motion to Exclude Evidence Not Admitted - 5**

DENIED – not necessary, as both sides agree to adhere to rules of evidence.

**I. Government's Motion to Exclude Extrinsic Impeachment Evidence - 6**

DENIED without prejudice to raising specific objections at trial.

**J. Government's Motion to Require Proffer of Basis for *Henthorn*-inquiries - 7**

DENIED.  No grounds for requiring proffer/predisclosure.

**K. Government's Motion to Allow Use of Prior Convictions for Impeachment - 8.**

Resolved as described above.

**L. Government's Motion to Exclude Use of Unproduced Discovery - 9.**

The parties agreed that all discovery has been disclosed, or will have been by December 17, 2014.

**M. Government's Motion to Require Evidentiary Basis for Affirmative Defense - 10**

DENIED – not necessary, since defendant has not noticed an intent to rest on an affirmative defense.

**N. Government's Motion to Preclude Use of Hearsay Statements - 11**

Resolved as described above.

**IT IS SO ORDERED**.

Dated: December 22, 2014

_____
WILLIAM H. ORRICK
United States District Judge