UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY WHITE,<br><br>    Defendant. | Case No. 14-cr-00020-WHO-1<br><br>**ORDER DENYING MOTION TO CORRECT JUDGMENT**<br><br>Re: Dkt. No. 162 |

On January 8, 2015, Jeremy White was convicted after a jury trial of possessing with intent to distribute methamphetamine (50 grams or more) and the lesser included offense of possessing methamphetamine. Dkt. No. 110. On May 7, 2015, I sentenced White to 120 months in prison and five years on supervised release, varying downward substantially to the mandatory minimum sentence. Dkt. No. 140 (Judgment).

On July 8, 2016, White filed a "motion to correct" a clerical error in the Judgment pursuant to Federal Rule of Criminal Procedure 36. He argues that the Court's Judgment erroneously failed to give him credit for "21 months" he spent in federal custody prior to sentencing and erroneously failed to reflect whether his federal sentence and a state court sentence are concurrent. Dkt. No. 162. His motion is DENIED because there are no errors in the Judgment.

Determination of the credit for time served is within the purview of the Attorney General. Pursuant to 18 U.S.C. section 3585(b), the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence. *U.S. v. Wilson*, 503 U.S. 329, 335 (1992). That section provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was

arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Accordingly, the BOP will calculate credits against White's sentence for time served.  *See United States v. Wilson*, 503 U.S. at 333 (the Attorney General computes the amount of the credit, not the sentencing court).  Any challenge to how the BOP calculates credits (which I do not find White is arguing through his current motion) must be raised first through the BOP's administrative process and then may be challenged in the District Court where he is confined under 28 U.S.C. § 2241.  *See U.S. v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992); *United States v. Mendez-Gil*, No. CR 10-222 PJH, 2014 WL 6705989, at *1 (N.D. Cal. Nov. 26, 2014).

On the issue of whether the federal and state court sentences are "concurrent," how the state court counts time White spends in federal custody is a matter for the state court to resolve.  It is beyond my authority to regulate.  No mention of a pending or undischarged state sentence was included in the Presentence Report provided by the probation officer and no mention of a pending or undischarged state sentence was made or raised during the May 7, 2015 sentencing hearing.

For the foregoing reasons, White has not identified any errors in the Judgment.  His motion for correction is DENIED.

**IT IS SO ORDERED**.

Dated: September 14, 2016



WILLIAM H. ORRICK
United States District Judge